UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICKY JAMES FUSSELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT POPPLEWELL, DANIEL ) <br> FISHER, and SAMUEL DOWNS, ) <br> ) <br> Defendants. ) | Cause No. 2:22-CV-025-PPS-JEM |

## OPINION AND ORDER

On February 11, 2022, Plaintiff Ricky James Fussell, proceeding *pro se*, filed this lawsuit arising from his employment at U.S. Steel Corporation. He has sued two management employees at U.S. Steel, Defendants Daniel Fisher and Samuel Downs, as well as Defendant Robert Popplewell, the Chairman of the Grievance Committee for United Steelworkers Local 1066, following his termination pursuant to the terms of a "Last Chance Agreement." [DE 1.] Defendants seek dismissal of the complaint. [DE 13; DE 16.] Because Fussell's complaint fails to state a claim for relief, it must be dismissed.

## Background

The facts are drawn from the complaint, which I accept as true at this stage of the proceedings. [DE 1 at 2–3.] Fussell worked at U.S. Steel Corporation. On January 6, 2021, he was "lock[ed]-out" of his job pursuant to a "Last Chance Agreement" (LCA), the terms of which were negotiated by Defendant Robert Popplewell, the Chairman of the Grievance Committee for United Steelworkers Local 1066. Under the LCA, Fussell had been permitted to continue working at U.S. Steel for a probationary period of six

months, during which time he was required to comply with random drug and alcohol screenings and personally contact his supervisor to request time off.

On January 5, 2021, Fussell attempted to call his supervisor, Defendant Daniel Fisher, to request a vacation day for his shift on January 6. He had previously requested time off by calling Fisher. It appears that on this occasion Fussell left Fisher a voicemail relaying his request for a day off [*see* DE 1 at 3], but he ultimately did not receive a response from Fisher approving this request.

Fussell claims that it is "proven fact" that Fisher received his request for a vacation day. Fussell further claims that, per the terms of the LCA, Fisher "was obligated" to provide a response "by returning [his] phone call." Rather than calling Fussell back, however, Fisher "forwarded [Fussell's] recorded request for a vacation day to the 'Labor Relation Rep.' Sam Downs." After receiving the recorded request, Downs unilaterally "made the decision" to "lock [Fussell] out from [his] job" pursuant to the LCA. At some point after this decision was rendered, Fussell attended a "hearing," at which Downs reportedly claimed that Fussell had "called off to go drinking." Fussell further asserts that this statement reflects that Downs held "bias" against him that was "obvious and malicious."

From the face of the complaint, it is not clear what happened next. What is clear is that Fussell no longer works at U.S. Steel Corporation. While the complaint fails to specify a cause of action under federal or state law, through this lawsuit Fussell seeks to relief from his termination. Fussell requests that the Court order Defendants to reinstate

2

him as an employee at U.S. Steel Corporation and pay damages for the wages that he would have earned had he not been terminated pursuant to the LCA. Thus, assuming such relief can be sought from the named defendants, Fussell's cause clearly centers on the parties' rights and obligations pursuant to the LCA — and, more specifically, who did what, when, pursuant to those terms. Unfortunately, these issues are not meaningfully fleshed out in the complaint's current form.

## Discussion

Under Federal Rule of Civil Procedure 8(a), Fussell's complaint is required to contain "a short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, I accept the complaint's allegations as true and draw all reasonable inferences in Fussell's favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). However, to avoid dismissal under Rule 12(b)(6), his claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Seventh Circuit has explained that the plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which

requires alleging "enough details about the subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "[S]heer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden. *Taha*, 947 F.3d at 469.

I am aware of the Seventh Circuit's guidance that a document "filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). While courts must give liberal construction to a *pro se* plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Defendants raise numerous arguments to dismiss the claims asserted against them personally by Fussell. [DE 14; DE 17.] Fussell, in response, does not address any of the legal arguments raised by Defendants and instead makes various factual assertions, some of which appear on the face of his complaint. [DE 22.] For purposes of evaluating Defendants' motions to dismiss, I decline to consider the facts Fussell asserts for the first time in his response brief.

Initially, Fisher and Downs, moving together as management employees at U.S. Steel Corporation, assert that the factual content in the complaint falls short of stating a legal claim against them. To the extent Fussell asserts a claim for employment

4

discrimination under the Title VII of the Civil Rights Act of 1964, they argue that the claim must fail because employees cannot be sued under Title VII in their individual capacities. [DE 14 at 2, 4.] For starters, Fussell's assortment of assertions do not come close to stating a claim under Title VII, which prohibits employment discrimination on the basis of protected characteristics such as race, color, religion, sex, or national origin. *See generally* 42 U.S.C. § 2000e, *et seq*. Indeed, nowhere does his complaint suggest he suffered adverse employment consequences on the basis of his race or any other protected characteristic. The closest he comes to making out a claim of discrimination or retaliation is asserting that Downs showed "bias" by stating that Fussell had called off to go drinking, and that he was unlawfully terminated as a result. But that apparent "bias," in Fussell's own words, related to Downs' assumption that Fussell was calling off work to drink—a bias apparently informed by the circumstances that initially called for the LCA—and not any statutorily protected characteristic. In its current form, the complaint fails to make out any claim under Title VII. *See, e.g.*, *Gray v. Keystone Steel & Wire Co.*, No. 08-1197, 2009 WL 187895, at *2 (C.D. Ill. Jan. 21, 2009) (holding allegation that plaintiff "was wrongfully fired" failed to state a claim under Title VII, as the plaintiff failed to "assert *why* he is entitled to Title VII protection," namely that "he was fired because of his race, gender, or some other statutorily protected characteristic"). I therefore set aside Defendants' arguments regarding the propriety of Fussell maintaining a Title VII claim against them in their individual capacities.

At bottom, no claim lies against Fisher and Downs because Fussell has failed to

5

allege with sufficient specificity the factual content at the heart of his employment dispute. As I previously noted, aside from Fussell's conclusory allegations that Fisher was "obligated" to return his phone call and Downs held "bias" against him in connection with "lock[ing]" him out of his job pursuant to the LCA, the complaint fails to outline how Fisher or Downs violated rights and obligations guaranteed by the terms of Fussell's LCA — namely, the terms of the LCA; who did what, when, pursuant to those terms; and how that conduct caused Fussell harm. In its present form, the complaint fails to state a claim against these management employees at U.S. Steel Corporation.

Popplewell, the Union committee representative who allegedly negotiated the LCA with U.S. Steel Corporation on Fussell's behalf, makes a similar argument sounding in the Labor Management Relations Act. He asserts that the "best interpretation" of Fussell's complaint is a "hybrid action," both challenging the labor agreements U.S. Steel Corporation has entered with the Union and asserting that the Union breached a duty of fair representation owed to Fussell with respect to those labor violations. [DE 17 at 1–2.] So construed, Popplewell argues that Fussell cannot maintain a suit against him in his individual capacity because all of his alleged acts were undertaken in his official capacity as a union official. He also points out that the statute of limitations for such a "hybrid lawsuit" has expired. *Id.* at 2–3.

If Popplewell is correct in his construction of Fussell's complaint, then his arguments for dismissal appear strong. *Id*. But, frankly, from the face of the complaint, it

is not at all clear that Fussell asserts such a claim. Indeed, based on the allegations in the complaint, there is nothing to conclude that Popplewell did anything wrong in connection with his negotiation of the LCA or that Popplewell had anything to do with Fisher's and Downs' respective acts. [*See* DE 1.] In sum, Fussell's allegation that Popplewell "negotiated" his LCA—the only factual allegation asserted against Popplewell—does not state a claim upon which relief can be granted. In light of this finding, it is unnecessary for me to contort Fussell's claim into a hybrid action under the labor laws and address Popplewell's separate arguments for dismissal.

## Conclusion

The Motion to Dismiss [DE 13] filed by Defendants Daniel Fisher and Samuel Downs is **GRANTED**. The Motion to Dismiss filed by Defendant Robert Popplewell [DE 16] is **GRANTED**. However, Plaintiff Ricky James Fussell will be given thirty days to file an amended complaint, if he believes he can address the deficiencies identified in the Court's order.

**SO ORDERED.**

ENTERED: September 1, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT